S08Y0680. IN THE MATTER OF TIMOTHY ORMAN McCALEP.
(662 SE2d 120)

PER CURIAM.

This matter is before the Court on the Petition for Voluntary Discipline filed by Respondent Timothy Orman McCalep in which he admits to violating Rule 1.7 (a),[1] see Bar Rule 4-102 (d), which is punishable by disbarment. McCalep admits that he was appointed to represent a 17-year-old female who bonded out of jail and who he met at the jail and drove to a motel. McCalep rented a room for several days and took his client to the room where he waited while she showered. McCalep admits that he photographed his client while she was unclothed but wearing a towel. He asks this Court to impose a sanction of either a private or public reprimand or a suspension of no more than five years. In mitigation he avers that he is extremely

---

[1] "A lawyer shall not represent or continue to represent a client if there is a significant risk that the lawyer's own interests or the lawyer's duties to another client, a former client, or a third person will materially and adversely affect the representation of the client. . . ."

Furthermore, Comment Six to Rule 1.7 states in pertinent part:

The lawyer's personal or economic interests should not be permitted to have an adverse effect on representation of a client. See Rules 1.1: Competence and 1.5: Fees. If the propriety of a lawyer's own conduct in a transaction is in serious question, it may be difficult or impossible for the lawyer to give a client objective advice.

apologetic, remorseful and regretful; he has had no previous discipline; he is a citizen in good standing in his community; he achieved a favorable outcome for his client; he did not submit an invoice for her case (nor seek or accept payment); he is willing to pay for counseling for the client if she needs or seeks it; he has had no additional contact with the client nor sought any such contact; he has been forthcoming in this investigation; and he has not been arrested or charged with any crime. The State Bar recommends the Court accept the petition and suspend McCalep for a period of not less than three years.

We have reviewed the record and agree that a three-year suspension is the appropriate sanction in this case where McCalep knew of a conflict of interest and did not disclose to his client the possible effect of that conflict and that it could cause injury or potential injury to the client, but has submitted persuasive mitigating factors. Accordingly, McCalep hereby is suspended from the practice of law in Georgia for a period of three years from the date of this opinion. He is directed to pay for counseling for his client should she seek such counseling within the first year of this suspension. McCalep is reminded of his duties under Bar Rule 4-219 (c).

*Three-year suspension. All the Justices concur.*

DECIDED JUNE 2, 2008.

*William P. Smith III, General Counsel State Bar, Rebecca Ann Hall, Assistant General Counsel State Bar*, for State Bar of Georgia.